IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUEL NUNEZ, | : | Civil No. 1:25-CV-01898 |
| Petitioner, | : | |
| v. | : | |
| WARDEN J. GREENE, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Miguel Nunez ("Petitioner") filed the instant petition for writ of habeas corpus pursuant to 28 U. S. C. § 2241 challenging the Bureau of Prisons' ("BOP") refusal to place him in prerelease custody. (Doc. 1.) For reasons set forth below, the court will dismiss the petition.

### PROCEDURAL HISTORY

On May 29, 2024, Petitioner was sentenced to 70 months of imprisonment after pleading guilty to possession with intent to distribute fentanyl under 21 U.S.C. § 841(a)(1) and (b)(1)(B) and resisting or impeding certain officers or employes under 18 U.S.C. § 111(a)(1) and (b). *United States v. Nunez*, No. 2:22-CR-00539-JXN, Doc. 81 (D.N.J. May 29, 2024). Petitioner is currently housed in the Federal Correctional Institution-Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania. (Doc. 1.)

Petitioner initiated this habeas corpus action under 28 U.S.C. § 2241 in October of 2025. (*Id.*) Petitioner alleges that he is being denied prerelease custody because of an immigration detainer. (Doc. 1.) He filed a memorandum in support of his petition and multiple exhibits. (Docs. 2, 2-1, 2-2, 2-3.) These exhibits demonstrate that Petitioner was found to be ineligible for earned time credits under the FSA and that he was denied prerelease custody under the Second Chance Act. (Doc. 2-1, p. 5; Doc. 2-2, p. 3.)[1]

On October 9, 2025, the court entered an order instructing Petitioner to pay the statutorily required filing fee or file a motion to proceed *in forma pauperis* within thirty-days. (Doc. 6.) On October 17, 2025, Petitioner paid the court filing fee. The court will now screen the petition pursuant to Rule 4.

## VENUE

A § 2241 petition must be filed in the district where the petitioner is in custody. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Petitioner is housed at FCI-Allenwood in Union County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b). Therefore, this court is the proper venue for the action.

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

## DISCUSSION

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4.  District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241.  *See* 28 U.S.C. § 2254 Rule 1.

### A. Petitioner Did Not His Exhaust Administrative Remedies.

In the petition, Petitioner alleges that he filed a request for a remedy by filing a BP-08 and appealing the denial through a BP-10.  (Doc. 1, pp. 2–3.)  Therefore, it appears that Petitioner has not fully exhausted his administrative remedies.

While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *See id*. at 761–62 (citing *Bradshaw v. Carlson*, 682

F.2d 1050, 1052 (3d Cir. 1981)).  Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." *See id*. at 762.  Exhaustion is not required, however, if there is no opportunity to obtain adequate redress, if the issue presented only pertains to statutory construction, or if the prisoner makes an affirmative showing of futility.  *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Bradshaw*, 682 F.2d at 1052.

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement."  See 28 C.F.R. § 542.10(a).  First, an inmate should attempt informal resolution of the issue with the appropriate staff member.  *See id*. § 542.13(b).  If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the Warden within twenty (20) calendar days "following the date on which the basis for the Request occurred."  *See id*. § 542.14(a).  The Warden is to respond to the request within twenty (20) calendar days.  *See id*. § 542.18.  An inmate dissatisfied with the Warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response."  *See id*. § 542.15(a).

4

Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." *See id*.

By his own admission, Petitioner has not exhausted the administrative remedies prior to filing his petition as he did not file a BP-11 with the BOP's General Counsel. (Doc. 1.) He argues that administrative exhaustion would take more time, and he is suffering irreparable injury through continued incarceration. (Doc. 2, pp. 2–4.) Therefore, Petitioner seeks a waiver of the exhaustion requirement. (*Id*., p. 2.) However, the court is not required to address his request for a waiver because his petition will fail on its merits. Petitioner is not entitled to relief through either the FSA or the Second Chance Act.

### B. Petitioner is Ineligible to Earn FSA Time Credits.

The FSA allows eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A), (C). An inmate can earn ten (10) days of credit for every thirty (30) days of successful participation. *See id*. § 3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) additional days of time credit for every thirty (30) days of successful participation,

for a total of fifteen (15) days' time credit per thirty (30) days' successful participation. *See id*. § 3632(d)(4)(A)(ii).

The FSA contains multiple eligibility requirements, including an extensive list of convictions that render a prisoner ineligible for ETC. *See id*. § 3632(d)(4)(D). This includes the following conviction as disqualifying under the FSA:

> Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof.

*Id.* § 3632(d)(4)(D)(lxvi).

The compound of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide is commonly known as Fentanyl. *Severino v. Warden, FCI Fort Dix*, No. 23-3114, 2024 WL 208964, *3 n.2 (D.N.J. Jan. 19, 2024). Here, Petitioner pled guilty to a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) for possession with intent to distribute Fentanyl. *Nunez*, No. 2:22-CR-00539-JXN, Doc. 81. Therefore, despite his argument otherwise, Petitioner's underlying conviction renders him ineligible for ETC under the FSA. This is reflected in the exhibits Petitioner submitted with his memorandum. (Doc. 2-2.)

### C. This Court Cannot Review BOP Decisions Under the Second Chance Act.

Petitioner also insists that the Second Chance Act requires that he be released to home confinement, citing 18 U.S.C. § 3624(c), and he is being denied such change in custody because of his immigration status. (Doc. 1; Doc. 2.) However, the court disagrees.

> Section 3624(c) states the following, in pertinent part:
>
> (1) In general.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> (2) Home confinement authority.--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c). However, the Bureau of Prisons ("BOP") has exclusive discretion to "designate the place of [a] prisoner's imprisonment." 18 U.S.C. § 3621(a). This is further highlighted in 18 U.S.C. § 3624(c)(4), which states that "[n]othing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621."

Under 18 U.S.C. § 3624(c), the BOP is authorized to *consider* placing an inmate in a community correctional facility for up to twelve months. However, a prisoner is neither entitled to nor guaranteed such placement for any amount of time. 18 U.S.C. § 3624(c). *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 240 (3d Cir. 2005). "Such placement decisions are solely within the discretion of the BOP." *Selmon v. Quay*, No. 3:21-cv-1714, 2022 WL 1271718 at *4 (M.D. Pa. Apr. 28, 2022). Therefore, the court does not have the authority to review the BOP's decision denying Petitioner's request to be placed in prerelease custody under the Second Chance Act, and the petition will be dismissed.

## CONCLUSION

For the above stated reasons, the petition for writ of habeas corpus will be dismissed with prejudice pursuant to Rule 4.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: November 24, 2025